IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Timothy Duncan Sykes ) | Case No. 3:15-bk-33350-SHB |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |

MOTION OF UNITED STATES TRUSTEE TO DISMISS
OR CONVERT CASE TO CHAPTER 7

---

**NOTICE OF HEARING**

**NOTICE IS HEREBY GIVEN that a hearing will be held on, Thursday, March 10, 2016, at 10:00 A.M. in the Howard H. Baker Federal Courthouse, 800 Market Street, Courtroom 1-C, Knoxville, Tennessee 37902. If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought and may enter an order granting this motion.**

---

COMES NOW the United States Trustee, Samuel K. Crocker, by and through undersigned counsel, and moves the Court to dismiss or convert this case pursuant to 11 U.S.C. §§ 1112(b)(4)(C), (F), (H), and (K). In support of this Motion, the United States Trustee states as follows:

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408, and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 1112. The United States Trustee has standing to raise, appear and be heard on this Motion pursuant to 11 U.S.C. § 307; 28 U.S.C. § 581 *et seq.*

2. Timothy Duncan Sykes (the "Debtor"), commenced this bankruptcy case on November 9, 2015, by filing a voluntary petition for relief under Chapter 11.

3. The Initial Debtor Interview (the "IDI"), was conducted on December 1, 2015. At the IDI, the Debtor informed the Office of the United States Trustee that he owned real property located on Sherwood Drive and Enclave Way in Knoxville Tennessee (the "Real Property"). Also at the IDI, the Debtor was given a copy of, among other things, blank form of Monthly Operating Report, and the Chapter 11 Guidelines. Further, at the IDI, Becky Halsey, a bankruptcy analyst with the Office of United States Trustee, reviewed and explained each of these documents (including all relevant due dates and consequences for failure to comply therewith) with the Debtor and his attorney.

4. The meeting of creditors was originally scheduled for December 16, 2015, at 2:30 p.m. The debtor was unable to appear at the meeting of creditors due to illness and the meeting of creditors was continued to December 30, 2015 (and has been continued several times thereafter to permit the Debtor additional time to appropriately amend his schedules and statements and to provide to the United States Trustee certain requested information). At the meeting of creditors, it was discovered that the insurance information related to the Real Property was changed. The United States Trustee requested a copy of the new insurance information along with certificates showing the United States Trustee as a certificate holder. Further, at the 341 meeting of creditors, it was discovered that the Debtor holds an ownership interest in various corporations and limited liability companies that were not disclosed on either his Schedules or his Statement of Financial Affairs. Additionally, it was discovered that the Debtor has personal property in a safe deposit box and storage locker that was not disclosed on his Schedules or Statement of Financial Affairs. The Debtor further has personal property

2

located on the Real Property that was not disclosed in his Schedules. The United States Trustee requested that the Schedules and Statement of Financial Affairs be amended to include these interests. To date, the Debtor has failed to amend these documents. Additionally, and after repeated requests, the Debtor has failed to provide certificates of insurance showing coverage amounts, expirations dates and the U.S. Trustee as a certificate holder for the Real Property.

5. The Debtor also failed to file his Monthly Operating Report for December 2015, and to pay Quarterly Fees for 4th Quarter of 2015, in the amount of $325.00.

6. Section 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whatever is in the bests interests of creditors and the estate for cause…." The party seeking dismissal carries the burden of proving the existence of cause by a preponderance of the evidence. *In re Creekside Senior Apartments, L.P.*, 489 B.R. 51, 60 (6th Cir. BAP 2013). Section 1112(b)(4) sets forth a non-exhaustive list of what constitutes "cause" for purposes of Section 1112. *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn. 2010). Cause includes:

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a cause under this chapter;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any); and
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28.
> 11 U.S.C. §1112(b)(4).

7. A debtor-in-possession is generally required to file monthly financial reports. *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Col. 2012). Further, the monthly financial reports of a debtor need to be filed in a complete and accurate manner. *Id.* at 383. A debtor's failure to

3

provide timely and accurate financial information prevents the United States Trustee from effectively monitoring a debtor's case and ensuring that a debtor complies with the Bankruptcy Code. *Id.* To allow a debtor to sidestep these duties because he is busy would render the Code's reporting requirements a nullity. *Id.* Additionally, filing catch-up reports is "akin to locking the barn doors after the horses have already gotten out." *Id.* Monthly reports "are the life-blood of the Chapter 11 process." *Id.* "Without these reports, the UST and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization. The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize. Thus non-compliance is not a "mere technicality." *Id.* at 383-84. "If a debtor does not fulfill this basic obligation during the Chapter 11 case, when it knows it will have to come before the court on any number of occasions, how can the creditors have any confidence that the debtor will timely and accurately report its income and make the required distributions under its plan, when the court and the UST are no longer monitoring the case? Consequently, the importance of filing monthly reports cannot be over-emphasized." *Id.* at 384-85; *see also*, *In re Hoyle*, 2013 WL 210254 *1, *10-11 (Bankr. D. Idaho Jan. 17, 2013) (finding that cause existed to dismiss debtor's bankruptcy case where the debtor failed to file complete and accurate monthly operating reports).

8. Additionally, a debtor is generally required to maintain appropriate insurance and failure to do so constitutes "cause" warranting dismissal or conversion of a case. 11 U.S.C. § 1112(b)(4)(C) and (H); *see also*, *In re Gilroy*, 2008 WL 4531982 *1, *5 (1st Cir. BAP) (finding that the failure to provide liability and property insurance to cover loss or damage to property owned by the debtor comes within the purview of § 1112(b)(4)(C)); *In re GEL, LLC*, 495 B.R.

4

240, 245 (Bankr. E.D.N.Y. 2012) (finding that failure to provide insurance and other requested information to the United States Trustee constituted cause for dismissal); and *In re Van Eck*, 425 B.R. at 59-61 (finding that the debtor's failure to provide proof of liability and property insurance to the United States Trustee constitute cause for purposes of 1112(b)).

9. In the present case, the Debtor failed to file his Monthly Operating Report for December 2015. The lack of reports prevents the United States Trustee and other parties-in-interest from monitoring the financial condition of the Debtor and is cause for dismissal or conversion pursuant to 11 U.S.C. §§ 1112(b)(4)(F) & (H). Additionally, the Debtor failed to amend his Schedules or Statement of Financial Affairs to disclose his interest in various business entities and personal property discovered at the meeting of creditors. A debtor has a duty to accurately disclose his/her assets and liabilities. 11 U.S.C. § 521(a). The failure to amend to disclose this information constitutes cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(H). The fees required by 28 U.S.C. § 1930(a)(6) for the fourth quarter of 2015 have not been paid and such failure constitute cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K). Finally, the Debtor failed to maintain (or at least provide evidence of) property insurance. The lack of insurance poses a substantial risk to the estate in that in the event of any property destruction or accident, there is total exposure for the estate. The failure to maintain insurance constitutes grounds for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(C).

10. The United States Trustee reserves the right to, *inter alia*, complement, supplement, augment, alter and/or modify this Motion as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order converting the case to Chapter 7 or in the alternative dismissing the case.

        Respectfully submitted,

        Samuel K. Croker
        United States Trustee, Region 8

        */s/ Tiffany A. DiIorio*
        Tiffany A. DiIorio
        Trial Attorney, Fla. Bar No. 0719706
        U.S. Department of Justice
        Office of the U.S. Trustee
        800 Market Street, Suite 114
        Knoxville, TN  37902
        Telephone:  (865) 545-4754
        Facsimile:  (865) 545-4325
        Email:  tiffany.diiorio@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2016, a true and correct copy of the foregoing *Motion of the United States Trustee to Dismiss or Convert Case to Chapter 7*, Certificate of Service and Proposed Order was electronically filed in the Court's Electronic Case Filing System and will be served by operation of the Court's electronic filing system on the following:

- Patrick C. Woodside, Jr., attorney for the Debtor at patrickcwoodside@gmail.com;

- All parties receiving notices through the Court's Electronic Case Filing System;

and via U.S. Mail, postage prepaid, to all parties on the attached mailing matrix.

        /s/ *Tiffany A. DiIorio*
        Tiffany A. DiIorio

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0649-3<br>Case 3:15-bk-33350-SHB<br>Eastern District of Tennessee<br>Knoxville<br>Wed Feb 10 15:38:42 EST 2016 | BMW Financial Services, N.A. LLC<br>P.O. BOX 201347<br>ARLINGTON, TX 76006-1347 | HomeTrust Bank<br>Van Winkle, Buck, Wall, Starnes & Davis<br>11 North Market Street<br>P.O. Box 7376<br>Asheville, NC 28802-8506 |
| Mass Mutual<br>Maynard, Cooper & Gale<br>c/o Kevin C. Gray<br>Maynard, Cooper & Gale, P.C.<br>655 Gallatin Street SW<br>Huntsville, Al 35801-4901 | 3<br>United States Bankruptcy Court<br>Howard H. Baker Jr. U.S. Courthouse<br>Suite 330, 800 Market Street<br>Knoxville, TN 37902-2343 | (p)BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 |
| BMW Financial Services, LLC<br>PO box 201347<br>Arlington, TX 76006-1347 | Bank of America<br>1800 Tapo Canyon Road<br>Simi Valley, CA 93063-6712 | Carmax Auto Finance<br>PO Box 440609<br>Kennesaw, GA 30160-9511 |
| Chase<br>PO Box 15298<br>Wilmington, DE 19850-5298 | Fifth Third Bank<br>5050 Kingsley Drive<br>Cincinnati, OH 45227-1115 | Fifth Third Bank<br>PO Box 9013<br>Addison, Texas 75001-9013 |
| First Tennessee Bank<br>800 S. Gay Street<br>Knoxville, TN 37929-0104 | First Tennessee Bank National Association<br>c/o Gordon D. Foster<br>P.O. Box 2428<br>Knoxville, TN 37901-2428 | HomeTrust Bank<br>c/o James David Nave<br>Van Winkle, Buck, Wall, Starnes & Davis<br>11 North Market Street, P.O. Box 7376<br>Asheville, NC 28802-8506 |
| Hometrust Bank<br>10 Woodfin Road<br>Asheville, NC 28801-3022 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Kristen Kirchhofer Sykes<br>7206 Sherwood Drive<br>Knoxville, TN 37919-7304 |
| Pinnacle Bank<br>150 3rd Ave South Ste 900<br>Nashville, TN 37201-2034 | SunTrust Bank<br>Attn: Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | Suntrust<br>PO Box 85526<br>Richmond, VA 23285-5526 |
| United States Trustee<br>800 Market Street, Suite 114<br>Howard H. Baker Jr. U.S. Courthouse<br>Knoxville, TN 37902-2303 | Kristen Sykes<br>c/o Gregory C. Logue<br>P.O. Box 900<br>Knoxville, TN 37901-0900 | Patrick C. Woodside Jr.<br>Woodside Law & Consulting<br>187 Highland Trace<br>Sharps Chapel, TN 37866-2759 |
| Timothy Duncan Sykes<br>4835 Riverplace Drive<br>Knoxville, TN 37914-5160 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BMW Financial Services
PO Box 3608
Dublin, OH 43016

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24